FILED

MAR 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE WILLIAM HERRERA-GRANDE, | No. 09-73113 |
| Petitioner, | Agency No. A098-122-575 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY and BYBEE, Circuit Judges.

Petitioner Jose William Herrera-Grande, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Herrera-Grande failed to show he was or will be subject to conduct rising to the level of persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (holding that unfulfilled threats and an incident of physical violence did not establish past persecution).

Substantial evidence also supports the Board's denial of asylum and withholding of removal because Herrera-Grande failed to show that gang members threatened him on account of a protected ground.  His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion.  *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008).  Moreover, being a witness to a murder does not establish the required nexus to a protected ground.  *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

09-73113

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Herrera-Grande did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**